## THE PATERSON AND RAMAPO RAILROAD COMPANY v. BERNARD ACKERMAN.

1. A rule to take affidavits to *contradict* the return of a justice is irregular. The return is conclusive.

2. Where a justice certifies that certain facts were proved on the trial, and as to others, though he can't recapitulate the evidence, yet enough was proved to warrant the judgment, this court cannot, on *certiorari*, say there was no evidence to warrant such judgment.

3. In a clear case of *surprise* and affidavit of *merits*, this court will reverse a judgment in a justice's court, and direct a new trial.

On *certiorari* to court for the trial of small causes.

Argued before POTTS, Justice, by Mr. *Hopper* for plaintiff in *certiorari*, and Mr. *Woodruff* for defendant.

POTTS, J.   Ackerman sued the railroad company for the value of certain articles alleged to have been delivered to them to carry, and lost through their negligence.   The action was brought in a justice's court, and a judgment obtained against the defendant in his absence.   This judgment the railroad company seeks to have reversed on the grounds, as alleged in the reasons filed:

1. That on the return day of the summons, the attorney of the company being present, the justice adjourned the trial of the cause to the *fourteenth* day of September, and afterwards tried the cause and gave judgment on the *first* day of September, whereby the defendants below were prevented from being present and making their defence.   And,

2. That said judgment was rendered without evidence.

I. *As to the adjournment.*   The transcript sent up by the justice states that " on the return day the plaintiff filed his state of demand, defendants appearing by attorney, &c., when the suit was adjourned to the *first* day of September, at same hour."   A rule was then taken on the justice to certify whether the said trial of the cause was not adjourned to the fourteenth day of September, &c., and to this the justice returned that the trial was adjourned to the *first* day of September, of which the defendant's attorney was informed at the time, &c.   Upon the coming in of this return a rule was entered for affidavits as to the same question, under which the attorney of the defendants below, and the justice were both examined, and the first testified expressly that the cause was adjourned to the *fourteenth*, while the second testified

as expressly that it was adjourned to the *first*. The rule to take affidavits to contradict the return was irregular. The return of the justice was conclusive. *Angus* v. *Rudin*, 2 *South*. 816; *Pratt* v. *Waldron*, 1 *Penn*. 145; *Scott* v. *Beatty*, 3 *Zab*. 256.

II. As to the question whether there was evidence to warrant the judgment, the justice was ruled to certify " whether the witnesses for the plaintiff below gave any evidence to show that the goods and chattels mentioned in the state of demand were delivered to the defendants below, to be carried and transported as therein alleged, or to any of their agents or conductors, or that the said defendants were common carriers as therein alleged, and if so, to state the particulars of such evidence, and by whom the same was given; and also, if either of said witnesses testified to whom the said goods were delivered, or that the company were common carriers between the points or places mentioned in the state of demand." To this rule the justice certifies and returns, that " G. A., a witness, sworn, &c., testified that he delivered the goods and chattels mentioned in the state of demand, to the agent of the defendants in charge of the station at Hohokus, and paid him the freight thereon to Nyack; " and as to the other matters, he says, " I kept no minutes of the trial generally; I am unable to recapitulate the testimony, but enough was produced upon the trial to warrant me in giving judgment for the plaintiff," &c. We cannot say upon this return that there was not evidence to warrant the judgment.

But although no error appears in the proceedings, the defendants below present a clear case of surprise. Their attorney testifies that he attended before the justice on the return day of the summons; that he asked the justice to what time the suit would be adjourned, and he stated that " the plaintiff's attorney had mentioned the 14th day of September then next, if that would suit me. I stated I had no objections, and thereupon the justice told me the suit stood adjourned till that day at ten o'clock, A. M. While

sitting at the justice's table, I made an entry of such time for trial in my daily memorandum, precisely as it now appears therein, under Wednesday, September 14th, and after I had entered it, read it aloud as I had entered it, and the date." He exhibits the memorandum which he then made. He swears further, " I never understood or received any notice of the cause being adjourned to any other day, until a day or two after the judgment. The defendants intended to defend the suit upon the merits, and would have done so, but for the misunderstanding or misinformation relating to the time of adjournment." He further swears that he believes the defendants have a full, legal and just defence upon the merits of the case. Upon this evidence, and upon the authority of *Lowring* v. *Ramsay*, 2 *Penn.* 630; *Truax* v. *Roberts*, 1 *South.* 288 ; and *Probasco* v. *Hartough*, 5 *Hal.* 55, I think the judgment must be reversed, to the end that a new trial may be had.

Judgment reversed.